## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| PENNINGTON SEED, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 06-0564-CV-W-RED |
| ) | |
| FREDDIE ANDERSON D/B/A ) | |
| ANDERSON FARMS, et al., ) | |
| Defendants. ) | |

### ORDER

Pending before the Court is plaintiffs' Motion for Temporary Restraining Order (Doc. No. 3). Plaintiffs are in the business of producing, marketing, licensing, and selling grasses for livestock. Plaintiffs developed a tall fescue grass seed, "MaxQ®", which is a patented product, and users of MaxQ® products are notified that they are expressly forbidden from saving, selling, and/or otherwise transferring or disposing of any seed produced when MaxQ® is planted and grown.

Plaintiffs allege that they have knowledge that defendants were last sold MaxQ® seed in 2003; however, plaintiffs on information and belief allege that defendants have planted fields with MaxQ® fescue seed in 2004-2006, and have harvested the seed which they are storing at various locations (and have possibly sold seed to others). Plaintiffs allege that defendants' actions infringe on their patent rights and that defendants have converted the patented technology to their own use without permission. Plaintiffs seek a temporary restraining order in order to preserve evidence, arguing that it would be easy for defendants to destroy fields and seeds.

The Eighth Circuit uses a four-prong test to determine whether to grant a preliminary injunction, and the same test to determine whether to grant a temporary restraining order. See Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981). The

Court considers: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Id.

In the present matter, the Court is unconvinced that the movants have demonstrated the threat of irreparable harm. In particular (as discussed by defendants in the teleconference held on July 13, 2006), if plaintiffs are successful in their action, they are entitled to a set amount of monetary damages as the product at issue in this matter is a licensed product. Furthermore, the relief requested by plaintiffs appears to be overbroad. Finally, plaintiffs have not demonstrated a likelihood that defendants will destroy evidence; instead, the Court reminds the parties of their existing obligations to preserve evidence and of the potential for sanctions if relevant evidence is destroyed. See Stevenson v. Union Pacific R. Co., 354 F.3d 739, 746 (8th Cir. 2004).

Therefore, for the foregoing reasons, plaintiffs' motion for a temporary restraining order (Doc. No. 3) is **DENIED.** All further issues in this matter (including the pending motion for expedited discovery, Doc. No. 5) will be heard by the Honorable Richard E. Dorr, to whom this case has been assigned.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   July 13, 2006
Kansas City, Missouri